**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| STEPHEN JENKINS<br>524 South Clairmont Ave,<br>Springfield, Ohio 45505, | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | ) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF** |
| THE CHAMPION COMPANY<br>400 Harrison Street<br>Springfield, Ohio 45505 | )<br>)<br>)<br>) | **JURY DEMAND ENDORSED<br>HEREIN** |
| Defendant. | ) | |

Plaintiff, Stephen Jenkins, by and through undersigned counsel, as his Complaint against Defendant The Champion Company ("Champion") states and avers the following:

**PARTIES AND VENUE**

1. Jenkins is a resident of Clark County, Ohio.

2. Champion is a domestic corporation for profit whose principal place of business is located in Clark County, Ohio.

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Jenkins is alleging a Federal Law Claim under the Americans with Disabilities Act ("ADA").

4. All material events alleged in this Complaint occurred in Clark County, Ohio.

5. This Court has supplemental jurisdiction over Jenkins's state law claims pursuant to 28 U.S.C. § 1367 as Jenkins's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

7. Within 300 days of the conduct alleged below, Jenkins filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2022-01500, respectively ("Jenkins EEOC Charge").

8. Jenkins dually filed the Jenkins EEOC Charge with the EEOC and the Ohio Civil Rights Commission.

9. On or about January 6, 2023, the EEOC issued Notice of Right to Sue letter to Jenkins regarding the Jenkins OCRC Charges. See attached Exhibit A.

10. Jenkins has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letters.

11. Jenkins has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

12. Jenkins has properly exhausted his administrative remedies pursuant to R.C. § 4112.052.

## FACTS

13. On or about September 13, 2021, Jenkins began working for Champion.

14. Champion employed Jenkins as a materials handler.

15. Jenkins has a heart aneurysm ("Jenkins's Condition").

16. Due to Jenkins's Condition, Jenkins's doctor told him that he should not go up and down ladders.

17. In or around September 2021, Jenkins informed Champion that he suffered from a heart aneurysm.

18. In or about September 2021, Jenkins requested that Champion not require him to climb or to go up and down ladders ("Accommodation Request").

19. Jenkins made the Accommodation Request because of Jenkins's Condition.

20. Jenkins's Condition was a physical impairment.

21. Jenkins's Condition significantly limited him in one or more major life activities, including lifting.

22. Jenkins's Condition significantly limited him in one or more major life activities, including working.

23. Jenkins has a record of physical impairment.

24. Because of Jenkins's Condition, Defendant perceived Jenkins as disabled.

25. Jenkins received continuing treatment from his doctor in connection with his heart aneurysm.

26. Jenkins informed Champion about his Accomodation Request.

27. Despite the Accommodation Request, Defendant required Jenkins to climb in and out of trucks and up ladders.

28. Defendant's failure to accommodate Jenkins's Condition was an adverse employment action.

29. On multiple occasions, Jenkins complained to Defendant that Defendant was not accommodating Jenkins's Condition.

30. In or about December 2021, Dave Amos became Jenkins's direct supervisor.

31. Amos did not make the decision to hire Jenkins.

32. In or around December 2022, Jenkins requested leave beginning in January 2022 due to his heart aneurysm ("Leave Request").

33. On or about January 17, 2022, Jenkins utilized the Leave Request and took the day off of work.

34. The Leave Request was a request for disability accommodation.

35. The Leave Request was reasonable.

36. Champion approved the Leave Request.

37. Champion approved the Leave Request because the Leave Request was reasonable.

38. On or about January 19, 2022, Champion terminated Jenkins's employment ("Termination").

39. The Termination was an adverse employment action.

40. The Termination was an adverse action.

41. Champion has a progressive disciplinary policy ("Discipline Policy").

42. A verbal warning is the lowest level of discipline in the Discipline Policy.

43. Jenkins did not receive a verbal warning before the Termination.

44. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

45. Jenkins did not receive a written warning before the Termination.

46. A termination is the highest level of discipline in the Discipline Policy.

47. Champion knowingly skipped progressive disciplinary steps in terminating Jenkins's employment.

48. Champion knowingly terminated Jenkins's employment.

49. Champion knowingly took an adverse employment action against Jenkins.

50. Champion knowingly took an adverse action against Jenkins.

51. Champion intentionally skipped progressive disciplinary steps in terminating Jenkins's employment.

52. Champion intentionally terminated Jenkins's employment.

53. Champion intentionally took an adverse employment action against Jenkins.

54. Champion intentionally took an adverse action against Jenkins.

55. Champion knew that skipping progressive disciplinary steps in terminating Jenkins's employment would cause Jenkins harm, including economic harm.

56. Champion knew that terminating Jenkins's employment would cause Jenkins harm, including economic harm.

57. Champion willfully skipped progressive disciplinary steps in terminating Jenkins's employment.

58. Champion willfully terminated Jenkins's employment.

59. Champion willfully took an adverse employment action against Jenkins.

60. Champion willfully took an adverse action against Jenkins.

61. On or about January 19, 2022, Defendants terminated Jenkins's employment because of his disability.

62. On or about January 19, 2022, Defendants terminated Jenkins's employment because of his perceived disability.

63. On or about January 19, 2022, Defendants terminated Jenkins's employment in retaliation for his requesting a disability accommodation.

64. On or about January 19, 2022, Defendants terminated Jenkins's employment in retaliation for his complaining about disability discrimination.

65. As a direct and proximate result of Defendants' conduct, Jenkins suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF ADA

66. Jenkins restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

67. Defendants treated Jenkins differently than other similarly-situated employees based on his disabling condition.

68. Defendants treated Jenkins differently than other similarly-situated employees based on his perceived disabling condition.

69. On or about January 19, 2022, Defendant terminated Jenkins's employment without just cause.

70. Defendant terminated Jenkins's employment based on his disability.

71. Defendant terminated Jenkins's employment based on his perceived disability.

72. Defendant violated ADA when it discharged Jenkins based on his disability.

73. Defendant violated ADA when it discharged Jenkins based on his perceived disability.

74. Defendant violated ADA by discriminating against Jenkins based on his disabling condition.

75. Champion violated ADA by discriminating against Jenkins based on his perceived disabling condition.

76. As a direct and proximate result of Defendant's conduct, Jenkins suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

77. Jenkins restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

78. Defendant treated Jenkins differently than other similarly-situated employees based on his disabling condition.

79. Defendants treated Jenkins differently than other similarly-situated employees based on his perceived disabling condition.

80. On or about January 19, 2022, Defendant terminated Jenkins's employment without just cause.

81. Defendant terminated Jenkins's employment based on his disability.

82. Defendant terminated Jenkins's employment based on his perceived disability.

83. Defendant violated R.C. § 4112.02 when they discharged Jenkins based on his disability.

84. Defendant violated R.C. § 4112.02 when they discharged Jenkins based on his perceived disability.

85. Defendant violated R.C. § 4112.02 by discriminating against Jenkins based on his disabling condition.

86. Champion violated R.C. § 4112.02 by discriminating against Jenkins based on his perceived disabling condition.

87. As a direct and proximate result of Defendant's conduct, Jenkins suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT III: FAILURE TO ACCOMMODATE UNDER ADA

88. Jenkins restates each and every prior paragraph of this Complaint, as if fully restated herein.

89. Jenkins informed Defendant of his disabling condition.

90. Jenkins requested accommodations from Defendant to assist with his disabilities, including not requiring him to climb.

91. Jenkins's requested accommodations were reasonable.

92. There was an accommodation available that would have been effective and would have not posed an undue hardship to Defendant.

93. Defendant failed to engage in the interactive process of determining whether Jenkins needed an accommodation.

94. Defendant failed to provide an accommodation.

95. Defendant violated ADA by failing to provide Jenkins a reasonable accommodation.

96. As a direct and proximate result of Defendant's conduct, Jenkins suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT IV: FAILURE TO ACCOMMODATE UNDER R.C. § 4112.01 *et seq.*

97. Jenkins restates each and every prior paragraph of this Complaint, as if fully restated herein.

98. Jenkins informed Defendant of his disabling condition.

99. Jenkins requested accommodations from Defendant to assist with his disabilities, including not requiring him to climb.

100. Jenkins's requested accommodations were reasonable.

101. There was an accommodation available that would have been effective and would have not posed an undue hardship to Defendant.

102. Defendant failed to engage in the interactive process of determining whether Jenkins needed an accommodation.

103. Defendant failed to provide an accommodation.

104. Defendant violated R.C. § 4112.02 by failing to provide Jenkins a reasonable accommodation.

105. As a direct and proximate result of Defendant's conduct, Jenkins suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT V: RETALIATION IN VIOLATION OF ADA

106. Jenkins restates each and every prior paragraph of this complaint, as if it were fully restated herein.

107. As a result of Jenkins's Conditions, Jenkins requested a disability accommodation, including leave from work.

108. Subsequent to Jenkins's requesting a disability accommodation, Defendant terminated his employment.

109. Defendant's actions were retaliatory in nature based on Jenkins's requesting a disability accommodation.

110. Pursuant to ADA, it is an unlawful discriminatory practice to retaliate against an employee for requesting a disability accommodation.

111. As a direct and proximate result of Defendant's conduct, Jenkins suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT VI: RETALIATION IN VIOLATION OF R.C. § 4112.02(I)

112. Jenkins restates each and every prior paragraph of this complaint, as if it were fully restated herein.

113. As a result of Jenkins's Conditions, Jenkins requested a disability accommodation, including leave from work.

114. Subsequent to Jenkins's requesting a disability accommodation, Defendant terminated his employment.

115. Defendant's actions were retaliatory in nature based on Jenkins's requesting a disability accommodation.

116. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice to retaliate against an employee for requesting a disability accommodation.

117. As a direct and proximate result of Defendant's conduct, Jenkins suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff Jenkins respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i) Requiring Champion to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

 (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

 (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

 (v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) An award against Defendant of compensatory and monetary damages to compensate Jenkins for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Jenkins claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

               Respectfully submitted,

               */s/ Trisha Breedlove*_____
               Trisha Breedlove (0095852)
               **SPITZ, THE EMPLOYEE'S LAW FIRM**
               1103 Schrock Road, Suite 307
               Columbus, Ohio 43229
               Phone: (216) 291-4744
               Fax: (216) 291-5744
               Email: trisha.breedlove@spitzlawfirm.com
               *Attorney for Plaintiff Stephen Jenkins*

## JURY DEMAND

Plaintiff Jenkins demands a trial by jury by the maximum number of jurors permitted.

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
